UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ARTHUR CHANDLER, | ) |
|     Petitioner, | ) |
| | ) No. 22 CV 50057 |
| v. | ) Judge Iain D. Johnston |
| | ) |
| THOMAS BERGAMI, | ) |
|     Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Arthur Chandler has filed a petition under 28 U.S.C. § 2241 challenging his conviction of two firearms offenses, as well as the sentencing judge's determination that he was a career offender. For the following reasons, Mr. Chandler's petition [1] is denied.

## BACKGROUND

Mr. Chandler was convicted of carjacking, *see* 18 U.S.C. § 2119, Hobbs Act robbery, *see* 18 U.S.C. § 1951, and two counts of using a firearm in relation to a crime of violence, one for the carjacking and one for the robbery, *see* 18 U.S.C. § 924(c). Under § 924(c), he faced a mandatory minimum sentence of 7 years for using the firearm during the carjacking, and a mandatory minimum sentence of 25 years for using the firearm during the robbery, both consecutive to any other sentence imposed. PSR [19] ¶ 78. When calculating his advisory sentencing range under the U.S. Sentencing Guidelines for the remaining two offenses, the carjacking and robbery, the district judge concluded that Mr. Chandler was a career offender under U.S.S.G. § 4B1.1(a)(3) based upon two prior state felony convictions for crimes of violence, specifically a conviction for a 2003 aggravated robbery, and a conviction for intentionally evading arrest in a motor vehicle in 2008. PSR [19] ¶ 36. The effect was to raise his total offense level by 4 levels, from 28 to 32, and his advisory guidelines range from 524-559 to 594-646 months. *Id.* ¶¶ 35-36. The district judge sentenced Mr. Chandler to a below-guidelines sentence of 552 months: 168 months each for the carjacking and robbery, to run concurrently; 84 months for use of a firearm during the carjacking, to run consecutive to the 168 months; plus 300 months for use of a firearm during the robbery, to run consecutive to the other two terms. *United States v. Arthur Chandler*, No. 09 CR 20518-2 (W.D. Tenn.) Dkt. 106. Mr. Chandler is currently housed at USP McCreary and his anticipated release date is May 7, 2052.[1]

Mr. Chandler appealed his conviction based on insufficiency of the evidence, but the Sixth Circuit affirmed. *See United States v. Chandler*, 486 Fed. Appx. 525 (6th Cir. 2012). He then filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, arguing

---

[1] *See* https://www.bop.gov/inmateloc (last visited May 15, 2023). Although Mr. Chandler is now at a facility outside this judicial district, when he filed his petition he was at USP Thomson, a prison within this district, and therefore this Court retains jurisdiction to address his § 2241 petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021).

numerous constitutional violations including lack of probable cause to arrest, use of statements made after he invoked his right to an attorney, imposition of a mandatory minimum sentence based on a fact not alleged in the indictment or proven at trial, and ineffective assistance of counsel. *See Chandler v. United States*, No. 13 CV 2646, 2016 U.S. Dist. LEXIS 62680 (W.D. Tenn. May 12, 2016). The district court denied his motion and a certificate of appealability. *See id.* Mr. Chandler continued seeking post-conviction relief both from the district court and Sixth Circuit, and obtained a certificate of appealability to challenge his sentence as a career offender, but the district court denied that petition, and his other efforts were likewise unsuccessful. See *In re Chandler*, No. 21-6002 (6th Cir.) at Dkt. 8.

Mr. Chandler now seeks a writ of habeas corpus from this Court under 28 U.S.C. § 2241.[2] He petition raises three challenges to his conviction and sentence, but on screening the Court determined that he could not proceed with two of them because they involve issues of constitutional law rather than statutory interpretation: a challenge to being sentenced as a career offender under the guidelines based on language similar to a provision of the Armed Career Criminal Act that the Supreme Court determined was unconstitutional; and an argument that being convicted under § 924(c) twice amounted to Double Jeopardy. *See* Screening Order [8]. The Court allowed him to proceed on only his third claim, in which he argues that under the recent decision of the Supreme Court in *Borden v. United States*, 141 S. Ct. 1817 (2021), carjacking under 18 U.S.C. § 2119, and robbery under 18 U.S.C. § 1951, are no longer crimes of violence because they can be committed recklessly, and therefore his conviction under 18 U.S.C. § 924(c) of two counts of using a firearm in relation to a crime of violence must be set aside. In a supplemental filing, Mr. Chandler again challenged the district judge's conclusion that he was a career offender, but this time arguing that state law robbery is not considered a crime of violence under the guidelines, and that his prior offense of evading arrest could have been committed recklessly and so under *Borden* is not a crime of violence.

## ANALYSIS

"As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under [28 U.S.C.] § 2255 in the district of conviction." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (citing *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014)). Under § 2255, federal prisoners are limited to only one motion and cannot bring a second motion

---

[2] In his reply brief dated August 9, 2022, Mr. Chandler asked the Court to either stay ruling on this petition until a matter he filed in the Western District of Tennessee was resolved, or to transfer this petition there. Although he did not identify the case number of the matter pending in Tennessee, the Court notes that on December 8, 2022, the Sixth Circuit denied him a certificate of appealability to proceed with a successive motion under 28 U.S.C. § 2255, *see Chandler v. United States*, No. 22 CV 2187 (W.D. Tenn.), and on February 13, 2023, the district court dismissed what he entitled "Pursuing Relief under § 2241; Seeking to Satisfy the Mandates of § 2255's 'Savings Clause,' 28 U.S.C. § 2255(e)," because whether "Chandler's § 2241 petition is barred by 28 U.S.C. § 2255(e) is a matter to be determined by the judge to whom that case is assigned," meaning this Court. *Chandler v. United States*, No. 22 CV 2745 (W.D. Tenn.). Those Tennessee matters have both been closed, and therefore there appears to be no additional ruling for which Mr. Chandler asked this Court to wait.

unless they can satisfy the requirements of § 2255(h) by identifying new evidence of actual innocence or a new, retroactive rule of constitutional law.

If a prisoner cannot satisfy § 2255(h)'s gatekeeping provisions, a narrow alternative path to relief may be available under § 2255(e), the "so-called 'savings clause.'" *Santiago v. Streeval*, 36 F.4th 700, 705 (7th Cir. 2022). Section 2255(e) allows a prisoner to seek habeas corpus relief under § 2241 in his district of incarceration if the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Id.* at 705-06 (citing § 2255(e)).

Different circuits evaluate the "inadequate or ineffective" provision differently, and the question of which circuit's law governs the "inadequate or ineffective" inquiry—whether it be circuit in which the petitioner was convicted or the circuit in which the petitioner is incarcerated—is unsettled. *See Chazen*, 938 F.3d at 865 ("Today's opinion avoids resolving the choice-of-law problem ...") (Barrett, J., concurring). But this Court need not resolve whether the law of the Seventh Circuit (petitioner's circuit of incarceration) or the Sixth Circuit (petitioner's circuit of conviction) applies, and in fact need not determine whether either Circuit's law would allow him to proceed under the savings clause because, even if he could, his claims are meritless.

I.      **Crimes of Violence Under § 924(c)**

Mr. Chandler argues that his conviction under 18 U.S.C. § 924(c) on two counts of using a firearm "during and in relation to any crime of violence or drug trafficking crime" is invalid because the underlying offenses—carjacking under 18 U.S.C. § 2119 and robbery under 18 U.S.C. § 1951—can no longer be considered crimes of violence under the Supreme Court's recent decision in *Borden v. United States*, 141 S. Ct. 1817 (2021). *Borden* did not address what constitutes a "crime of violence" under § 924(c)(1)(A). Rather, it addressed what constitutes a "violent felony" under the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e)(1). Mr. Chandler was not convicted under the ACCA, but he contends that *Borden* is nevertheless informative because the ACCA's use of the phrase "violent felony" and § 924(c) use of the phrase "crime of violence" are interpreted similarly. The government agrees that the definitions are "meaningfully the same," though it cites no authority for that proposition. Response [11] at 9.

In *Borden*, the Supreme Court concluded that an offense that can be committed recklessly cannot qualify as a violent felony under the ACCA, 18 U.S.C. § 924(e). *See Borden*, 141 S. Ct. at 1825. Mr. Chandler contends that, based on the reasoning of *Borden*, a reckless offense also cannot be a crime of violence under 18 U.S.C. § 924(c). But even after *Borden*, courts in both the Sixth and Seventh Circuits agree that carjacking and Hobbs Act robberies are still crimes of violence as that term is used in § 924(c). *See In re Waller*, No. 22-3441, 2022 U.S. App. LEXIS 30602, at *5-6 (6th Cir. Nov. 3, 2022) (carjacking); *Jordan v. United States*, No. 20 CV 935, 2022 U.S. Dist. LEXIS 196396, at *15-16 (E.D. Wisc. Oct. 28, 2022) (carjacking, though noting that the Seventh Circuit has not yet weighed in); *Sease v. United States*, No. 20 CV 2873, 2022 U.S. Dist. LEXIS 232553 (W.D. Tenn. Dec. 28, 2022) (Hobbs Act robbery); *United States v. Worthen*, 60 F.4th 1066, 1068-69 (7th Cir. 2023) (Hobbs Act robbery).

Even after *Borden*, Mr. Chandler's two underlying offenses remain crimes of violence for purposes of 18 U.S.C. § 924(c), and therefore his argument that they are not crimes of violence after *Borden* is meritless.

## II. Career Offender Enhancement

In his supplemental filing, Mr. Chandler also challenges being sentenced as a career offender under the U.S. Sentencing Guidelines. Under U.S.S.G. § 4B1.1(a), a defendant is a career offender if (1) he is at least 18 years old, (2) he is being sentenced for a felony that is either a crime of violence or controlled substance offense, and (3) he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." At sentencing, the district judge adopted the probation officer's determination in the PSR that Mr. Chandler was a career offender based on two prior state felonies: aggravated robbery and intentionally evading arrest in a vehicle. Mr. Chandler contends that neither of the prior offenses upon which the district judge relied were crimes of violence. He contends that intentionally evading arrest in a vehicle could be committed recklessly, and therefore under *Borden* it cannot be crime of violence. For robbery, his argument is a bit confusing because he shifts between talking about his prior state conviction for aggravated robbery and his federal conviction for Hobbs Acts robbery. As best as the Court can tell, he argues both that (a) the prior state robbery offense was not a crime of violence and therefore cannot be one of the two predicate offenses required under U.S.S.G. § 4B1.1(a)(3); and that (b) the Hobbs Act robbery for which he was being sentenced is not a crime of violence under U.S.S.G. § 4B1.1(a)(2) for the same reason that he argued it was not a crime of violence under 18 U.S.C. § 924(c).

The Court does not reach the merits of those arguments because Mr. Chandler cannot raise them under the savings clause of 28 U.S.C. § 2255(e). In both the Sixth and Seventh Circuits, any argument about errors in calculating a sentencing range under the U.S. Sentencing Guidelines is foreclosed under the savings clause because the guidelines are merely advisory. *See Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018); *United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014). Mr. Chandler contends that in the Sixth Circuit, a petitioner may seek relief under the savings clause for misapplications of enhancements under the sentencing guidelines, citing *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). But *Hill* involved a petitioner sentenced when the guidelines were mandatory, and the case specifically states that it applies only to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)."

## CONCLUSION

For the reasons given, Mr. Chandler's petition for relief under 28 U.S.C. § 2241 [1] is denied.

Mr. Chandler is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B). Mr. Chandler need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any

Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Because Mr. Chandler is a federal prisoner and his § 2241 petition does not arise out of a state court proceeding, he need not obtain a certificate of appealability to appeal this Court's disposition of his claims. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000) (citing Bush v. Pitzer, 133 F.3d 455, 456 (7th Cir. 1997)); *see also* 28 U.S.C. § 2253(c)(1) (a certificate of appealability is required to appeal "(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255").

Date: May 15, 2023   By: _____
Iain D. Johnston
United States District Judge